# IN THE COURT OF APPEALS OF IOWA

No. 16-0438
Filed April 27, 2016

**IN THE INTEREST OF N.S.,**
**Minor child,**

**H.S., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Linn County, Susan Flaherty, Associate Juvenile Judge.

A mother appeals the termination of her parental rights to her child. **AFFIRMED.**

Kristin L. Denniger, Cedar Rapids, for appellant mother.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Julie Trachta of Linn County Advocate, Cedar Rapids, attorney and guardian ad litem for minor child.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

A mother appeals the termination of her parental rights to her child, N.S.[1] She claims the State failed to prove the statutory grounds for termination and that termination is not in the child's best interest because her familial bond with the child is strong. We affirm the juvenile court's order.

We review termination-of-parental-rights proceedings de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). The three-step statutory framework governing the termination of parental rights is well established and is not repeated here. *See In re P.L.*, 778 N.W.2d 33, 40-41 (Iowa 2010). The juvenile court issued a thorough and well-reasoned ruling terminating the mother's parental rights.

The juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(g), (h), and (*l*) (2015). When the juvenile court terminates parental rights on more than one ground, we may affirm the order on any ground we find supported by clear and convincing evidence in the record. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). We choose to address the ground for termination under section 232.116(1)(h), which provides

> termination may be ordered when there is clear and convincing evidence that a child under the age of three who has been adjudicated [a child in need of assistance] and removed from the parents' care for at least the last six consecutive months cannot be returned to the parents' custody at the time of the termination hearing.

*Id.*

---

[1] The father's parental rights to the child were also terminated. He is not a party to this appeal.

The first three elements of paragraph (h) are not in dispute; rather, the mother's claim on appeal challenges the fourth element. *See* Iowa Code § 232.116(1)(h)(4) ("There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents . . . at the present time."). However, the mother's own testimony belies the assertions she makes on appeal that there was not clear and convincing evidence the child could not presently be returned to her custody. When asked at the termination hearing what ought to happen as a result of the hearing, the mother answered:

> That I should be given a chance. I think I'm hoping that everybody is going to see how much I really do love my daughter. That is not just something that I can stop. I'm just not going to stop loving and fighting for her. I love her more than anything in the whole world. I think I should be given a chance . . . . I have been dealing with other things besides this court case that are not as important, but I have been dealing with them, but *I just need more time to get my ducks in a row so I can show I can do what I need to do in order to take care of my daughter.*

(Emphasis added.) Asked how much additional time she was requesting, the mother answered: "Usually I can sum up a person in about thirty seconds. I can't sum this up in thirty seconds. I can't tell you an honest answer. Thirty days. A person can do a lot in a week." The mother's request for additional time is certainly a tacit, if not explicit, admission that her child could not be returned to her custody at the time of the termination hearing. In any event, the juvenile court found:

> [The child] could not safely be returned to her mother's care at this time or anytime in the reasonably near future. . . . [The mother] has not yet shown the ability to abstain from the use of drugs/alcohol and does not consistently acknowledge her substance abuse as a problem. [The mother's] drug use has harmed her children, through drug exposure, lack of appropriate supervision, exposure to unsafe individuals, and the resulting

instability in [the mother's] own life. [The mother's] untreated mental health issues interfere with her ability to provide safe care for an infant such as [the child]. . . . [The mother] has no real insight into the severity of her problems or the risk of harm posed to a child in her care by her ongoing substance abuse and untreated, unstable mental health. Clearly, [the child] would remain a child in need of assistance if returned to the care of her mother.

Furthermore, the juvenile court concluded:

[The mother] continues to struggle with untreated mental health issues, substance abuse, and a general lack of stability in her life. She relies on others to meet her financial needs. Although she denies continued drug use and minimizes the history of her drug use, [the mother's] testimony lacked credibility. [The child] tested positive for marijuana at birth. [The mother's] first two children . . . also tested positive for illegal substances at birth. [The mother] has been resistive to all efforts to provide her with the help she needs to be able to assume care of her child. [The child] could not be safely returned to her care now or anytime in the reasonable near future.

Having reviewed the record de novo, we agree the child could not be returned to the mother at the time of the termination hearing. The State proved by clear and convincing evidence the grounds for termination under section 232.116(1)(h).

The mother also argues that termination is not in the best interests of the child due to her bond with the child. Specifically, she "maintains that her familial bond with [the child] is strong, and [the child] is her best inspiration to remain healthy, sober, and safe." The juvenile court concluded:

[The child] deserves permanency, safety, and security, and her mother cannot provide that for her now or in the reasonably-near future. [The child] has resided in foster-family care since birth. Her mother continues to have mental-health and substance-abuse issues that prevent her from being able to safely resume care of this young child. [The child] has been harmed by her mother's ongoing use of illegal substances as she tested positive for an illegal substance at birth. As a result of [the mother's] choices, [the child] could not be provided the safe environment, stability, and security she needs if returned to her mother's custody. . . . It is in [the child's] best interest that she is provided with a permanent

> home and parents who will provide her with a safe, stable, drug-free environment in which she can grow and develop with a sense of security. . . .
>
> Therefore, it is the finding of the court that [the child's] need for permanency, security, safety, and physical and intellectual health dictates that it is in her best interest to have the parental rights of her parents be terminated and that she be placed for adoption.

For the same reasons articulated by the juvenile court, we conclude that termination of the mother's parental rights is in the child's best interests and that none of the factors in section 232.116(3) apply to overcome that determination. Accordingly, we affirm the juvenile court's order terminating the mother's parental rights.

**AFFIRMED.**